UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALFRED ZUIEWSKI | : | |
| | : | |
| | : | |
| V. | : | CIV. NO. 3:11CV851 (JCH) |
| | : | |
| MICHAEL J. ASTRUE | : | |
| COMMISSIONER SOCIAL SECURITY | : | |
| ADMINISTRATION | : | |

RULING ON MOTION FOR ATTORNEY'S FEES AND COSTS

On September 12, 2011, Judge Hall granted [doc. # 21] the Consent Motion for Judgment under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand to the Commissioner for further proceedings [doc. # 18].

Pending is plaintiff's Motion for an Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [doc. # 23] in the amount of $2,484.00 in attorney's fees. The Commissioner does not oppose plaintiff's motion. [doc. # 25].

Under the EAJA, the rate of compensation is capped at $125 per hour, which may be adjusted upward to account for increases in the cost of living or a special factor. 28 U.S.C. § 2412(d)(2)(A). The plaintiff seeks cost of living increases in 2011 resulting in an adjusted rate of $180.00 based on the Consumer Price Index. See Harris v. Sullivan, 968 F.2d 263, 265 (2d Cir. 1992)(holding that "cost of living" is not defined in EAJA and is "properly measured by the Consumer Price Index"). The Commissioner does not challenge this rate and the Court finds the

higher fee is justified. Therefore, the Court will accept Attorney Pirro's requested hourly rate of $180.00. The Court has carefully considered the motion, memorandum in support, affidavit of counsel and time records and finds that plaintiff's counsels's hourly rate ($180.00) and hours expended (13.80) are reasonable.

Accordingly, plaintiff's Motion for an Award of Attorney's Fees pursuant to the Equal Access to Justice Act [doc. # 23] is **GRANTED** on consent. The Court awards plaintiff attorney's fees in the amount of $2,484.00. The fees may be paid directly to plaintiff's counsel pursuant to the Assignment of EAJA Fees if it is shown that plaintiff owes no debt to the government that would be subject to offset. See Astrue v. Ratliff, 130 S.Ct. 2521 (June 14, 2010) (holding attorney fees awarded under the EAJA are subject to offset to satisfy claimant's pre-existing debts to the government).

This is not a recommended ruling. This is a ruling on attorneys' fees and costs which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 15th day of November 2011.

```
                    /s
          HOLLY B. FITZSIMMONS
          UNITED STATES MAGISTRATE JUDGE
```